IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Victor Manuel Reza-Ramos,<br><br>    Defendant. | CR 06-1142-TUC-FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate-Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion for reconsideration of the court's order granting the government's motion to quash a subpoena duces tecum pursuant to FED.R.CRIM.P. 17(c)(2). [doc. # 32] The government filed a response on June 5, 2008. [doc. # 38]

The Magistrate-Judge recommends the motion for reconsideration be denied. The subpoenaed documents are not discoverable pursuant to FED.R.CRIM.P. 16(a)(2).

## CHARGES:

In the indictment, Reza-Ramos is charged with premeditated murder in violation of 18 U.S.C. § § 111, 1151, and 1152. The murder took place on the Tohono O'odham Indian

Reservation. Accordingly, this court has jurisdiction under the Indian Country Crimes Act, 18 U.S.C. § 1152.

*Facts*:

On or about March 25, 2003, Jose L. Flores was beaten to death on the Tohono O'odham Indian Reservation. Reza-Ramos was indicted for the murder on June 21, 2006, and an arrest warrant issued the next day. The warrant was executed on March 25, 2008.

On or about April 24, 2008, the defendant served a subpoena duces tecum on Joseph Delgado, Chief of Police, Tohono O'odham Police Department (TOPD). The defendant apparently seeks the TOPD police reports prepared at the time of the murder. [doc. 38]

The government filed a motion to quash pursuant to FED.R.CRIM.P. 17(c)(2). The court granted the motion on May 2, 2008.

On May 19, 2008, the defendant filed the instant motion for reconsideration of the courts order granting the government's motion to quash. [doc. # 32] The government filed a response on June 5, 2008. [doc. # 38]

*Discussion*

Rule 17(c)(1) permits the parties to avail themselves of the court's subpoena power. The rule reads in pertinent part as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them

FED.R.CRIM.P. 17(c)(1). The rule functions primarily as a means to expedite the trial by allowing subpoenaed material to be examined before trial. *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974). "[I]t was not intended to provide a means of discovery for criminal cases." *Id.* at 698; *See also Xydas v. U.S.*, 445 F.2d 660, 664 n. 8 (D.C.Cir. 1971) ("[T]here is no longer any information obtainable via subpoena which is not covered by Rule 16."), *cert.*

1 *denied*, 404 U.S. 826 (1971). "[T]he court may quash or modify the subpoena if compliance
2 would be unreasonable or oppressive." FED.R.CRIM.P. 17(c)(2).

3     Discovery of documents in the possession of the government is governed by
4 FED.R.CRIM.P. 16(a)(1)(E). This rule permits the defendant "to inspect and to copy . . .
5 books, papers, documents, data, photographs, tangible objects . . . if the item is within the
6 government's possession, custody or control . . . ." *Id.* There is an exception to this rule
7 for "reports, memoranda, or other internal government documents made by an attorney for
8 the government or other government agent in connection with investigating or prosecuting
9 the case." FED.R.CRIM.P. 16(a)(2). This limiting rule was originally devised to protect the
10 government's work product but in its present form protects more than just traditional work
11 product. *U.S. v. Fort*, 472 F.3d 1106, 1115-16 (9th Cir. 2007), *cert. denied*, 128 S.Ct. 375
12 (2007).

13     In the instant case, the defendant served a subpoena duces tecum on the TOPD
14 seeking the police reports made at the time of the murder. Presumably, the defendant is
15 operating on the theory that the TOPD is not a party to the case and, as a third party,
16 possesses documents the can be subpoenaed via Rule 17(c)(1). The defendant is mistaken.

17     The TOPD police reports are protected from discovery by Rule 16(a)(2), which
18 protects government work product. *See U.S. v. Fort*, 472 F.3d 1106, 1119-20 (9th Cir. 2007)
19 (Police reports created by local police before federal involvement are protected from
20 discovery pursuant to Rule 16(a)(2) if they were supplied to federal prosecutors in support
21 of a federal prosecution.). Documents that are protected by Rule 16(a)(2) are not subject to
22 subpoena pursuant to Rule 17(c)(1). *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 220 (1951)
23 ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to
24 give a right of discovery in the broadest terms."); *U.S. v. Cuthbertson*, 630 F.2d 139, 146 (3rd
25 Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981); *Xydas v. U.S.*, 445 F.2d 660, 664 n. 8
26 (D.C.Cir. 1971); *U.S. v. Orena*, 883 F.Supp. 849, 867 (E.D.N.Y. 1995) ("A defendant may
27 not obtain through Rule 17(c) documents which are protected from disclosure pursuant to

1  Rule 16(a)(2)."). A contrary ruling "would violate the fundamental principle of statutory
2  construction that the specific trumps the general. . . ." *U.S. v. Fish*, 368 F.3d 1200, 1205 (9[th]
3  Cir. 2004).

4  The defendant argues the government lacks standing to oppose the subpoena. The
5  defendant, however, concedes a party has standing who seeks to protect "some personal right
6  or privilege with regard to the document sought." [doc. # 31] Here, the government seeks
7  to protect its "work product" pursuant to Rule 16(a)(2). Accordingly, it has standing. *See*
8  *U.S. v. Ail*, 2007 WL 1229415, *5 (D.Or. 2007).

9  The defendant further argues his Fifth Amendment right to a fair trial and Sixth
10 Amendment rights to confront witnesses and to compulsory process support his motion citing
11 *Washington v. Texas*, 388 U.S. 14 (1967) and *Pennsylvania v. Ritchie*, 480 U.S. 39, 56
12 (1987). The court finds neither of these cases persuasive.

13 In *Washington*, the Court held that a state statute precluding the defendant from
14 presenting testimony from accomplices or accessories violated his right to compulsory
15 process. *Washington v. Texas*, 388 U.S. 14 (1967). The Court specifically stated, however,
16 that "[n]othing in this opinion should be construed as disproving testimonial privileges, such
17 as the privilege against self-incrimination or the lawyer-client or husband-wife privileges .
18 . . ." *Id.* at 23 n. 21. Apparently, the Court believed the defendant's right to compulsory
19 process was important, but it must yield under certain circumstances. This case does not
20 convince the court that a defendant's right to subpoena witnesses or present testimony defeats
21 the government's interest in protecting its "work product."

22 In *Ritchie*, the Court held that the defendant had a due process right to subpoena Child
23 and Youth Services records pertaining to the victim provided they contained information
24 material to his defense. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56-58 (1987). This case is also
25 distinguishable. Unlike the documents at issue in *Ritchie*, the documents in the instant case
26 are not discoverable under the Federal Rules of Criminal Procedure. The court is not aware
27 of any cases holding Rule 16(a)(2) violates the defendant's due process right to discover
28

exculpatory evidence. *See, e.g., U.S. v. Fernandez*, 231 F.3d 1240, 1248, 1248 n. 5 (9th Cir. 2000) (The government's failure to produce documents exempted from disclosure under Rule 16(a)(2) did not violate the defendant's Sixth Amendment right to effective assistance or due process.).

**RECOMMENDATION:**

In view of the foregoing, it is recommended that after an independent review of the record, the District Court should **DENY** the defendant's motion for reconsideration of the court's order granting the government's motion to quash subpoenas duces tecum pursuant to FED.R.CRIM.P. 17(c)(2). [doc. # 32]

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 10th day of June, 2008.

Glenda E. Edmonds
United States Magistrate Judge